**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ISMAIL N. SMITH,

                              Plaintiff,

- v -                                        Civ. No. 9:08-CV-1364
                                                            (NAM/RFT)

COMMISSIONER GOORD; C.O. MATRESE, *Correctional Officer, Coxsackie Correctional Facility*; RANZE, *Coxsackie Correctional Facility*; BOGARDUS, *Correctional Officer, Coxsackie Correctional Facility*; MICHAUD, *Correctional Officer, Coxsackie Correctional Facility*; NOETH, *Coxsackie Correctional Facility*; JOHN DOE, *Keeplock C.O., Coxsackie Correctional Facility, from F-2 on 9/12/07*; SPERRY, *Nurse, Coxsackie Correctional Facility;* JOHN DOE, *Physical Therapist from 8/7/08, Coxsackie Correctional Facility*; JOHN DOE, *Deputy Commissioner of Programs, DOCS;* JOHN DOE, *Deputy Commissioner of Facilities*; MURZDA, *Correctional Officer, Coxsackie Correctional Facility*; McDERMOT, *Lt., Coxsackie Correctional Facility*; RIVERA, *Superintendent, Coxsackie Correctional Facility*; MONTUSELLO,[1] *Deputy Superintendent of Security*; A. MTAMBU, *Nurse*,

                              Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

ISMAIL N. SMITH
Plaintiff, *Pro se*
2355 Grand Concourse
Apt. #3S
Bronx, NY 10468

HON. ANDREW M. CUOMO                    AARON M. BALDWIN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

---

[1] The correct spelling of Defendant Montusello's name appears to be "Martuscello." *See* Dkt. No. 48, Acknowledgment of Serv., dated Aug. 4, 2009. We shall refer to him using the correct spelling of his name.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Ismail N. Smith brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. On December 22, 2009, Defendants Goord, Rivera, and Martuscello filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 67. By their Motion, the moving Defendants assert that Plaintiff's supervisory liability claims are not facially valid and that Plaintiff has failed to plead any personal involvement on their part. *Id.* Plaintiff was ordered to file a response to the Motion no later than January 8, 2010. *Id.* On January 6, 2010, Plaintiff filed a Letter-Motion seeking an extension to file a response, which the Court granted, extending his deadline to March 8, 2010. Dkt. No. 70; Text Order, dated Jan. 6, 2010. On March 26, 2010, Plaintiff filed a Motion to Amend his Complaint for a third time,[2] but did not otherwise address the pending Motion to Dismiss. Dkt. No. 74. By his Proposed Third Amended Complaint, Plaintiff, in large measure, reiterates the allegations in the Second Amended Complaint. *Compare* Dkt. No. 65, Second Am. Compl. *with* Dkt. No. 74, Proposed Third Am. Compl. In terms of substantive changes contained in the Proposed Third Amended Complaint, Plaintiff seeks to add claims against two new defendants, Correction Officers McKintyre and Stevenson, as well as new claims against Defendant Lieutenant ("Lt.") McDermott. Proposed Third Am. Compl. at ¶¶ 27-31 & 40. Defendants collectively filed a Partial Opposition to the Third Motion to Amend, arguing that Plaintiff's proposed claims against McKintyre are facially invalid and implausible, but otherwise

---

[2] The original Complaint was filed on December 22, 2008. Dkt. No. 1. Plaintiff filed his First Motion to Amend on June 15, 2009, which, being unopposed by Defendants, was granted. Dkt. No. 41. On September 21, 2009, Plaintiff filed a Second Motion to Amend, which was again granted after Defendants offered no substantive opposition to the Motion. Dkt. No. 64. Plaintiff's Second Amended Complaint was docketed on November 24, 2009. Dkt. No. 65. Defendants Goord, Rivera, and Martuscello filed their Motion to Dismiss on December 22, 2009. Dkt. No. 67.

registering no opposition to the remainder of that Motion. Dkt. No. 75. To date, Plaintiff has not responded to the Motion to Dismiss filed by Goord, Rivera, and Martuscello. *See generally* Case Dkt.

Because the Proposed Third Amended Complaint does not in any way add to or subtract from Plaintiff's claims against Defendants Goord, Rivera, and Martuscello, we shall begin by addressing their Motion to Dismiss and then proceed to Plaintiff's Third Motion to Amend.

## I. DEFENDANT'S MOTION TO DISMISS

### A. Summary of Plaintiff's Claims

As the Motion to Dismiss is limited to Plaintiff's claims against Goord, Rivera, and Martuscello, we need not recite the entirety of Plaintiff's allegations in order to put their Motion into context. Instead, a brief overview of Plaintiff's claims will suffice. Such overview is derived from the factual allegations in Plaintiff's Second Amended Complaint, which, in accordance with the applicable standard under FED. R. CIV. P. 12(b)(6), must be taken as true for the purposes of addressing the Motion to Dismiss. *See infra* Part I.B.

At all times relevant to this action Plaintiff was incarcerated at the Coxsackie Correctional Facility ("Coxsackie"). Dkt. No. 65, Second Am. Compl. at p. 7, Intro. Plaintiff claims that Defendants subjected him to a sustained serious of threats and harassment, Second Am. Compl. at ¶¶ 1-5, issued false misbehavior reports against him in retaliation for complaints he filed, Second Am. Compl. at ¶¶ 10-15, displayed deliberate indifference to his medical needs, Second Am. Compl. at ¶¶ 7-9 & 24-26, and finally, on September 12, 2007, he was beaten and subjected to excessive force by Defendants Ramsey, Bogardus, Noeth, Matrease, and Michaud, Second Am. Compl. at ¶¶ 17-20. Plaintiff also brings supervisory liability claims based on the above alleged constitutional

violations against Defendants Goord, Rivera, Martuscello, and John Does Deputy Commissioner of Facilities and Deputy Commissioner of Programs. *Id.* at ¶¶ 37-41. We provide more detail regarding those supervisory claims in our discussion below. *See infra* Part I.C.

### B. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (emphasis added).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950-51.

### C. Personal Involvement

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior*

cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1948.

Nevertheless, if a plaintiff seeks to bring a § 1983 action for supervisory liability, liability on the part of the supervisor may exist

> in one or more of the following ways: 1) actual direct participation in the constitutional violation, 2) failure to remedy a wrong after being informed through a report or appeal, 3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, 4) grossly negligent supervision of subordinates who committed a violation, or 5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003) (citing *Colon v. Coughlin*, 58 F.3d at 873) (further citations omitted).

In this case, Defendants Goord, Rivera, and Martuscello assert that Plaintiff's allegations fail to state facially valid claims against them under § 1983. Plaintiff's supervisory liability claims against these Defendants are stated in the Second Amended Complaint[3] as follows:

> 37. Prior to plaintiff ISMAIL N SMITH's arrival at Coxsackie Correctional Facility, Commissioner Goord, Rivera, Montucello, Deputy Commissioner of Facilities, [and] Deputy Commissioner of Programs John Doe developed and maintained policies or customs/or upheld policies or customs exhibiting deliberate indifference to the constitutional rights of inmates in DOCS and Coxsackie Correctional Facility which caused the violation of ISMAIL N SMITH's rights.

---

[3] Plaintiff brings identical claims against these Defendants in his Proposed Third Amended Complaint. *See* Proposed Third Am. Compl. at ¶¶ 42-47.

> 38[1].[4] It was the policy and/or custom of the supervisor defendant Goord, et al., to inadequately supervise and train its police officers [and] corrections officers and civilians including the defendants, thereby failing to adequately discourage further constitutional violations on the part of its staff members (correctional officers, civilians). The Supervisor defendants Goord, et al. did not require appropriate in-service training or re-training of correction officers and civilian staff who were known to have engaged in staff misconduct.
>
> 38[2]. It was the policy and/or customs of the Supervisor Defendants Goord, et al., to inadequately and improperly investigate inmates['] complaints of staff misconduct, and acts of misconduct were instead tolerated by the Supervisor Defendants Goord, et al., including but not limited to, the following incidents mentioned [in this Second Amended Complaint].
>
> 39. It was a policy and/or custom of the Supervisor Defendants to hire unqualified[] Correction Officer[s] and Civilians.
>
> 40. As a result of the above described policies and customs, correction officers and civilian staff of Coxsackie Correctional, including the defendants, believed that their actions would not be properly monitored by supervisory officials and that misconduct would not be investigated or sanctioned, but would be tolerated.
>
> 41. The above described policies and customs demonstrate a deliberate indifference on the part of the policymaking Supervisor Defendants Goord, et al., to the constitutional rights of inmates within DOCS and Coxsackie Correctional and were the cause of the violations of plaintiff's rights . . . .

Second Am. Compl. at ¶¶ 37-41.

Thus, Plaintiff attempts to impute supervisory liability on the moving Defendants owing to their failure to (1) supervise and train subordinates, (2) investigate inmate complaints, and (3) hire qualified correctional officers and staff. *Id.* Plaintiff states that these failures amounted to formal or informal policies and/or customs that directly led to the violation of inmates' constitutional rights, including his own. *Id.*

The moving Defendants contend that the allegations quoted above are conclusory and do not amount to facially plausible supervisory liability claims. We agree. While Plaintiff asserts that the

---

[4] In his Second Amended Complaint, Plaintiff numbered two consecutive paragraphs "38." For ease of reference, we have designated them "38[1]" and "38[2]" in order.

moving Defendants failed to supervise and train their subordinates, he does not allege any facts as to how they failed to do so. *See generally* Second Am. Compl. Similarly, Plaintiff does not explain the circumstances under which any of the moving Defendants failed to adequately investigate constitutional violations, including those alleged in the Second Amended Complaint. *Id.* In that respect, Plaintiff does not allege to have filed any grievance or complaint with or against the moving Defendants, nor that any such Defendant failed to act on or take steps to remedy a wrong after being informed of one. *Id.* Finally, Plaintiff does not explain how the correction officers hired by the moving Defendants were unqualified. *Id.* In sum, these supervisory liability allegations amount to nothing more than a claim based on the theory of *respondeat superior*, which, as discussed above, is insufficient to state a valid claim under § 1983. A defendant cannot be held liable simply because of his supervisory position. *Wright v. Smith*, 21 F.3d at 501; *see also Scaccia v. County of Onondaga, New York*, 2009 WL 498563, at *11 (N.D.N.Y. Dec. 15, 2009) (dismissing claims against supervisory defendants where plaintiff's claims "hinge[d] entirely on their roles as supervisors of individuals who (allegedly) violated [his] constitutional rights" and there were "no facts plausibly suggesting how [the supervisory defendants] failed to train and/or supervise their subordinates."); *Paterson v. Goord*, 2008 WL 623123, at *7 (N.D.N.Y. Mar. 4, 2008) (dismissing complaint against supervisory defendants when plaintiff's conclusory allegations failed to implicate their personal involvement).

For all the above reasons, it is recommended that the Motion to Dismiss be **granted in its entirety** and that Defendants Goord, Rivera, and Martuscello be **dismissed** from this action. Moreover, because Plaintiff's only allegations against Defendants John Doe Deputy Commissioner of Facilities and John Doe Deputy of Commissioner of Programs are the same accusations brought

against the moving Defendants, *see* Second Am. Compl. at ¶¶ 37-41, they should be **dismissed** from this action for the same reasons stated above and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See, e.g.*, *Zimmerman v. Burge*, 2008 WL 850677, at *7 (N.D.N.Y. Mar. 28, 2008) (citing 28 U.S.C. § 1915(e)(2)(B)(ii) and noting that "even where a defendant has not requested dismissal based on the failure of the plaintiff to state a claim upon which relief may be granted, a district court may, *sua sponte*, address whether a *pro se* prisoner has failed to state a claim[.]"). Because Plaintiff has failed to state a valid claim against these John Does, allowing him the opportunity to properly identify and serve these unnamed Defendants would be an exercise in futility.

## II. PLAINTIFF'S THIRD MOTION TO AMEND

### A. Motion to Amend Standard

FED. R. CIV. P. 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)). District courts are vested with broad discretion to grant a party leave to amend the pleadings. *See Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

In this instance, Defendants assert that Plaintiff's proposed claims against Corrections Officer Mckintyre are futile and, as such, his Third Motion to Amend should be denied as to those proposed claims. Dkt. No. 75, Defs.' Resp. in Opp'n to Pl.'s Third Mot. to Am. The Second Circuit

has stated that where futility is raised as an objection to the motion to amend, and

> [w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend. *See, e.g.*, *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230 (denial not abuse of discretion where amendment would be futile); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("where . . . there is no merit in the Proposed amendments, leave to amend should be denied"); *Billard v. Rockwell International Corp.*, 683 F.2d 51, 57 (2d Cir.1982) (denial not abuse of discretion where plaintiff had had "access to full discovery" in a related case).

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

As futility is an appropriate basis for denying leave to amend, such denial should be contemplated within the standards necessary to withstand a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). For a review of that standard, see Part I.B above.

In this case, Defendants assert that Plaintiff's proposed claims against Mckintyre are futile because they fail to state a valid claim under § 1983 and because they are barred by the applicable statute of limitations. Dkt. No. 75, Defs.' Resp. Plaintiff seeks to add the following allegations against Mckintyre: (1) On May 12, 2006 and up to March 26, 2007, Mckintyre consistently harassed him, Proposed Third Am. Compl. at ¶ 27; (2) On May 12, 2006, Mckintyre wrote a false misbehavior report against Plaintiff, prompting Plaintiff to file a grievance against Mckintyre, Proposed Third Am. Compl. at ¶ 28; (3) In March 2007, Plaintiff was transferred to Mckintyre's housing unit and threatened by Mckintyre, Proposed Third Am. Compl. at ¶ 29; (4) On March 26, 2007, after Mckintyre threatened to take adverse actions against him, Plaintiff saw Mckintyre and Stevenson redacting a piece of paper together. When they finished, Mckintyre and Stevenson

confronted Plaintiff with a letter of complaint that Plaintiff and another inmate intended to send to the A.C.L.U. regarding ongoing constitutional violations at Coxsackie, which Mckintyre and Stevenson characterized as "gang material," and then proceeded to lock Plaintiff in his cell. At his ensuing disciplinary hearing, Plaintiff saw that in the text of the letter to the A.C.L.U., each letter C was crossed out, a symbol he recognized to be gang-related. Plaintiff asserts that Mckintyre and Stevenson forged the redactions to the letter and filed a fabricated misbehavior report against him. Proposed Third Am. Compl. at ¶¶ 30-31.

It is well settled law in this Circuit that "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); *Petway v. City of New York*, 2005 WL 2137805, at *3 (E.D.N.Y. Sept. 2, 2005); *Larocco v. N.Y. City Dep't of Corr.*, 2001 WL 1029044, at *5 (S.D.N.Y. Aug. 31, 2001). Thus, "verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Moncrieffe v. Witbeck*, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (quoting *Aziz Zarif Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y. 1998)). Additionally, "threats do not amount to violations of constitutional rights." *Id.* (quoting *Malsh v. Austin*, 901 F. Supp. 757, 763 (S.D.N.Y. 1995)). Thus, the first and third of the above proposed allegations against Mckintyre are facially inadequate and therefore are futile. With respect to Plaintiff's second claim, that Mckintyre issued a false misbehavior report against him, such claim is also deficient because there is "no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d

Cir. 1986)); *see also Gill v. Riddick*, 2005 WL 755745, at *7 (N.D.N.Y. Mar. 31, 2005). While inmates may have a valid cause of action where a false misbehavior report is filed *in retaliation* for the exercise of a constitutional right, *see, e.g., Gill v. Riddick*, 2005 WL 755745 at *7, Plaintiff does not allege that the alleged May 12, 2006 misbehavior report was motivated by retaliatory animus. In that respect, we note that the Proposed Third Amended Complaint states that Plaintiff filed a grievance against Mckintyre *after* he received the allegedly false misbehavior report. Proposed Third Am. Compl. at ¶ 28.

In contradistinction to his first three proposed allegations against Mckintyre, Plaintiff's fourth allegation, liberally construed, asserts a valid retaliation claim. In order to prevail on a retaliation claim, a plaintiff bears the burden to prove that (1) he engaged in constitutionally protected conduct; (2) prison officials took an adverse action against him; and (3) a causal connection exists between the protected speech and the adverse action. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations omitted); *see also Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citation omitted). Here, Plaintiff alleges that in response to a grievance he filed against Mckintyre after an alleged incident of harassment on May 12, 2006, Mckintyre colluded with Stevenson in March 2007, after Plaintiff was relocated to their housing unit, to forge gang insignia on a legitimate letter intended to be sent to the A.C.L.U., causing Plaintiff to be disciplined and confined in keeplock. Plaintiff also alleges that Mckintyre put Plaintiff on notice that he was going to retaliate against him, stating to Plaintiff upon his arrival at the cell block that "your [sic] in my house now and you better be on point cause I'm out to get you, you're not gonna last up here very long."

Filing grievances is protected conduct under the First Amendment, *see Franco v. Kelly*, 854

F.2d 584, 589 (2d Cir. 1988), and Plaintiff has alleged a plausible connection between that conduct and the alleged retaliatory acts taken.[5] Therefore, we find that Plaintiff's proposed retaliation claim against Mckintyre is facially valid.

Defendants also argue that Plaintiff's proposed claims against Mckintyre are futile on statute of limitations grounds. In § 1983 actions, the applicable statute of limitations is a state's "general or residual statute for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). In New York, a three-year statute of limitations applies for personal injury actions, and thus to § 1983 actions as well. *Id.*; *see also* N.Y.C.P.L.R. § 214(5). Federal constitutional claims accrue when the plaintiff "knows or has reason to know" of the injury that is the basis for his action. *Pauk v. Bd. of Tr. of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981); *see also Connolly v. McCall*, 254 F.3d 36, 40-41(2d Cir. 2001). In this case, Plaintiff alleges that Mckintyre retaliated against him on March 26, 2007, the date such claim accrued.[6] Proposed Third Am. Compl. at ¶ 30. Plaintiff's Third Motion to Amend, dated March 25, 2010, was filed on March 26, 2010. Dkt. No. 74. Thus, Plaintiff's retaliation claim against Mckintyre, even assuming it does not relate back to the filing of the original Complaint, was timely filed within the three-year statute of limitations.

Therefore, it is recommended that Plaintiff's Third Motion to Amend be **granted in part** and **denied in part** in accordance with the above opinion. Plaintiff's Motion is **denied** with respect to his proposed claims against Mckintyre, save his retaliation claim. Moreover, the allegations against the supervisory Defendants, which were identical in both his Second Amended Complaint and

---

[5] Although it is unclear, Plaintiff may have also intended to assert that the drafting of the complaint letter to the A.C.L.U. was protected conduct that caused retaliatory acts to be taken against him.

[6] Because we find Plaintiff's other proposed claims against Mckintyre to be facially invalid, we need not discuss whether or not they fall within the statute of limitations.

Proposed Third Amended Complaint, fail to state a valid cause of action under § 1983 and are therefore futile as well. As such, Plaintiff is directed to file a Third Amended Complaint consistent with this Order that does not include the aforementioned futile claims.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED,** that the Motion to Dismiss the Second Amended Complaint (Dkt. No. 67) brought by Defendants Goord, Rivera, and Martuscello be **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff's Third Motion to Amend the Second Amended Complaint be **GRANTED in part** and **DENIED in part** in accordance with the above opinion; and it is further

**RECOMMENDED**, that should the District Court adopt the above recommendations, that Plaintiff be ordered to file a Third Amended Complaint with the Clerk of the Court **within thirty (30) days of such adoption**; and it is further

**RECOMMENDED,** that Plaintiff be ordered to omit within any Third Amended Complaint his facially invalid and/or futile claims against Defendant Mckintyre and Defendants Goord, Rivera, Martuscello, John Doe Deputy Commissioner of Facilities, and John Doe Deputy of Commissioner of Programs. Should a Third Amended Complaint be filed, the Clerk shall forward such pleading to this Court for review to ensure compliance with the Court's directives prior to issuing summonses; and it is further

**RECOMMENDED**, that should the District Court adopt this Report-Recommendation, there will still be two John Doe Defendants remaining. Plaintiff should be forewarned that with respect to John Doe, Keeplock C.O., and John Doe, Physical Therapist, the U.S. Marshals cannot effect

service on a "John Doe" Defendant. In the event that Plaintiff wishes to pursue his claims against these Defendants, he shall take reasonable steps to ascertain their identity. Plaintiff may then file a motion to amend his complaint and seek leave of the Court to add such individuals, by name, as Defendants to this lawsuit. Plaintiff should be further advised that if these individuals are not timely served, this action will be dismissed as against them; and it is further

**ORDERED**, that the Clerk send a copy of this Order to the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED.**

Date:   August 9, 2010
        Albany, NY

_____
RANDOLPH F. TREECE
United States Magistrate Judge