UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**ISMAIL N. SMITH,**

                    **Plaintiff,**

          - v -                                      **9:08-CV-1364 (NAM/RFT)**

**COMMISSIONER GOORD; C.O. MATRESE, Correctional Officer, Coxsackie Correctional Facility; RANZE, Coxsackie Correctional Facility; BOGARDUS, Correctional Officer, Coxsackie Correctional Facility; MICHAUD, Correctional Officer, Coxsackie Correctional Facility; NOETH, Coxsackie Correctional Facility; JOHN DOE, Keeplock C.O., Coxsackie Correctional Facility, from F-2 on 9/12/07; SPERRY, Nurse, Coxsackie Correctional Facility; MURZDA, Correctional Officer, Coxsackie Correctional Facility; A. MTAMBU, Nurse, Mckintyre; Stevenson,**

                    **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Office of Raymond J. Dague
Raymond J. Dague, Esq., of counsel
472 South Salina Street
Suite 620 Empire Building
Syracuse, New York 13202
Attorney for Plaintiff, Ismail M. Smith

Hon. Eric T. Schneiderman, Attorney General for the State of New York
Christopher W. Hall, Esq., Assistant Attorney General
Cathy Y. Sheehan, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Yesterday, May 29, 2013, the Court posted the following Text Order (Dkt. No. 136):

> Plaintiff's case is dismissed sua sponte for failure to prosecute. Fed.R.Civ.P. 41(b). The Court will issue a written decision tomorrow, May 30, 2013. The purpose of this text order is to notify the parties and counsel that the case is dismissed and that therefore there is no need to travel to Syracuse for the pretrial conference scheduled for May 31, 2013.

The Memorandum-Decision and Order herein is the Court's written decision explaining the Rule 41(b) dismissal.

## BACKGROUND

On April 23, 2013, the Court scheduled an in-person pretrial conference for May 31, 2013 (Dkt. No. 132). Despite warnings from the Court, plaintiff has not yet submitted pretrial papers. The Court first directed plaintiff to submit pretrial papers in its November 14, 2012 order (Dkt. No. 110) appointing Raymond J. Dague, Esq. as *pro bono* counsel for plaintiff (who had been proceeding *pro se*) and scheduling trial for February 4, 2013. Plaintiff failed to submit the papers by the initial due date of December 28, 2012. Defendants timely filed their pretrial papers (Dkt. No. 111), and included in their trial brief a request for a pretrial evidentiary hearing on their affirmative defense of failure to exhaust administrative remedies. The Court granted the request (Dkt. No. 114) and scheduled the exhaustion hearing to take place on February 4, 2013, which had previously been set as the trial date. On January 30, 2013, defendants filed their witness list (Dkt. No. 116) for the exhaustion hearing.

On January 31, 2013, two business days before the hearing date, plaintiff himself submitted a letter motion (Dkt. No. 117) stating that he had a leg injury that prevented him from working, and that therefore he did not have the $81 needed to travel to Syracuse for the hearing. Plaintiff did not claim that his injury prevented him from traveling. He requested an adjournment of the February 4, 2013 exhaustion hearing "in order to maintain sufficient travel

expenses." By text order on the same date, the Court denied the letter motion, stating that plaintiff "has failed to show good cause to adjourn the February 4, 2013 Court date, which was scheduled more than 2-1/2 months ago." The Court added that the hearing would proceed on February 4, 2013 as scheduled, and advised plaintiff that all communications with the Court and defendants' counsel must be made through his lawyer.

On the hearing date, February 4, 2013, plaintiff did not appear. Attorney Dague appeared without his client, confirmed that he had advised his client of the contents of the January 31, 2013 text order, and requested an adjournment of the hearing. The Court again declined to adjourn the hearing. Defendants' counsel, who traveled here from Albany, introduced the testimony of two witnesses, and Attorney Dague cross-examined them. Defendants' counsel stated that he had expected to call plaintiff as a witness to authenticate certain documents, and requested continuation of the hearing so that he could authenticate the documents by affidavit. After some discussion, the Court and the parties agreed that the Court would hold the hearing open to give plaintiff an opportunity to appear. The Court added that if plaintiff did not appear timely, defendants could proceed by motion to authenticate the documents. The Court asked Attorney Dague if he could have his client present "by next Thursday" (*i.e*., February 14, 2013); he responded that he would "call him and see what he says"; the Court stated: "I'll wait to hear from you"; and Attorney Dague stated: "I'll report to the Court."

On February 8, 2013, having heard nothing from Attorney Dague, the Court issued a Memorandum-Decision and Order (Dkt. No. 118) scheduling the continued hearing for February 12, 2012. The Court's decision advised that if plaintiff did not appear on the adjourned date the Court would proceed to decide the motion, and stated: "No adjournments will be granted without

-3-

a competent showing of good cause."

On February 12, 2013, Attorney Dague appeared on behalf of plaintiff, who again did not appear. Defendants' counsel, who again traveled here from Albany, provided the Court with Certificates of Authenticity of certain exhibits. Over plaintiff's counsel's objection, the Court accepted the documents and certifications into evidence. Plaintiff's counsel presented medical documentation and moved for an adjournment, which the Court denied.[1] Plaintiff's counsel stated that, although he had attempted to contact plaintiff after the February 4, 2013 hearing, plaintiff did not return his call until the early morning of February 11, 2013, at which time plaintiff told him he was not coming to the February 12, 2013 hearing. Attorney Dague added that plaintiff had called him twice on the morning of the hearing, February 12, 2013, stating that he had obtained the money for a bus or train ticket and could be in Syracuse by 10:00 p.m. that night. Mr. Dague stated: "I told him that I had tomorrow and the next day free on my calendar; but that I would communicate that with the Court." He then requested that the Court continue to hold the hearing open so that he could communicate with his client, and added, "If after I communicate with him, I don't have anything that I would want to call as further witnesses or evidence or have anything to do with this, what I would do would be to notify the court and counsel so that we don't waste our time with [defendants'] counsel coming back ... [to Syracuse from Albany] tomorrow or the next day."

After the hearing, the Court issued a Memorandum-Decision and Order (Dkt. No. 119)

---

[1] The medical documents consisted of copies of plaintiff's physical examination report dated December 17, 2012, his X-ray report dated December 18, 2012, and two prescriptions written on January 24, 2013, apparently pertaining to the leg injury to which plaintiff referred in his January 31, 2013 letter. Nothing in the documents indicated that plaintiff was unable to work or travel. Nor did counsel state that plaintiff's absence was due to any physical inability to travel.

dated February 19, 2013, stating as follows:

> The Court rejects plaintiff's request that the hearing be held open and that the Court and defendants' counsel again make themselves available in the event that plaintiff decides to participate in the hearing. Plaintiff has already failed to appear for two Court dates without prior notification and without showing good cause for his failure. Plaintiff's medical records do not establish good cause for his absence from Court on the scheduled hearing dates, nor does plaintiff's alleged inability (until February 12, 2013) to afford bus or train fare to Syracuse. The necessity of travel to the Courthouse is an incident of litigation which plaintiff must bear; moreover, he had more than 2-1/2 months' notice of the February 4, 2013 Court date, ample time to make travel arrangements. If plaintiff had appeared on February 4, 2013, he would have had the opportunity on that day to review the records from his two disciplinary hearings and to introduce any evidence he might have that he exhausted his remedies or that he should be excused from doing so. *See generally Hemphill v. New York,* 380 F.3d 680 (2d Cir. 2004). It would not have been necessary for the Court to hold the second hearing on February 12, 2013, nor would defense counsel have been required to make a second trip to Syracuse from Albany. Indeed, according to plaintiff's counsel, plaintiff told him in the early morning of February 11, 2013 that he would not be here for the February 12, 2013 hearing, yet neither plaintiff nor counsel sought an adjournment. Rather, they allowed Court to be convened and defense counsel to drive to Syracuse from Albany before requesting that the Court hold the hearing open for a few more days and give plaintiff a third opportunity to appear. The Court has received no information as to whether plaintiff actually did travel to Syracuse; thus, even if the Court were to schedule another hearing date, there is no assurance that plaintiff would actually appear. The Court also observes that this case was commenced in 2008. In the interest of controlling its calendar and conserving judicial resources, and in fairness to defendants, the Court closes the hearing.

The decision ordered that the record on the affirmative defense of exhaustion of administrative remedies was closed; directed defendants to file a brief post-hearing memorandum; and stated that plaintiff could then file a memorandum specifically responding to defendants' memorandum.

On March 1, 2013, defendants filed their post-hearing memorandum (Dkt. No. 121) regarding the impact of the proof at the exhaustion hearing upon plaintiff's claims. Plaintiff did

-5-

not file a response.

On March 26, 2013, the Court issued a Memorandum-Decision and Order (Dkt. No. 123) setting forth its decision on the exhaustion issue, dismissing all but two defendants and two claims, and ordering that the case would proceed to trial on the two remaining claims. The Court wrote:

> Plaintiff is directed to submit his pretrial papers (Court Ordered Voir Dire Questionnaire; Witness list with a brief description of the anticipated testimony of each witness; Exhibit list; Proposed Voir Dire questions; Trial memoranda; and Proposed jury instructions) on or before April 19, 2013. The Court directs defendants to submit amended pretrial papers addressing only the two remaining issues, also on April 19, 2013. The Court notes that plaintiff did not comply with the Court's previous order of November 14, 2012 (Dkt. No. 110) directing submission of pretrial papers by December 28, 2012. <u>Counsel is advised that failure to comply with the order herein by April 19, 2012 may result in appropriate sanctions including a preclusion order</u>.

(Emphasis in original.) Again in the ordering paragraphs, the Court advised in underscored font that failure to submit pretrial papers by April 19, 2012, may result in appropriate sanctions including a preclusion order.

Defendants, who had initially filed pretrial papers as directed on December 28, 2011 (Dkt. No. 111), timely filed their amended pretrial papers on April 19, 2012 (Dkt. Nos. 124-130). Plaintiff did not file any papers.

On April 23, 2013 (Dkt. No. 132) the Court directed plaintiff, his attorney, and defendants' counsel to appear in person for a pretrial conference on May 31, 2013 (Dkt. No. 132). The Court further directed plaintiff's counsel "to ensure that plaintiff is aware that he is required to appear in person and that his failure to do so may result in dismissal."

As explained in the Court's May 20, 2013 Memorandum-Decision and Order (Dkt. No.

135):

> On May 15, 2013, a letter to the Court from plaintiff's counsel was docketed (Dkt. No.134). In full, it states:
>
>> My letter of April 25, 2013 to my client, the plaintiff in [this] matter, was returned to my office. Enclosed is a copy of the returned envelope. How would you like to proceed in this matter?
>
> On viewing the enclosed copy of the returned envelope, the Court notes that it is stamped "Return to sender, insufficient address, unable to forward." The Court also notes that plaintiff's apartment number, listed on the docket, was omitted from the address on the envelope. This is likely the explanation for the returned envelope, particularly because plaintiff's street address appears to be a large apartment building in Manhattan.
>
> Presumably the returned envelope contained plaintiff's counsel's letter to his client (Dkt. No. 133) and a copy of the Court's Order of April 23, 2013 (Dkt. No. 132).... The Court assumes that counsel is in telephone contact with plaintiff and that he has verbally informed plaintiff of the contents of the April 23, 2013 Order. Therefore, counsel's error in addressing the envelope does not excuse plaintiff from appearing in person on May 31, 2013.

The Court added: "One purpose of the pretrial conference is to review the parties' pretrial submissions." After setting forth the history of plaintiff's noncompliance with the orders directing the filing of pretrial papers, the Court wrote:

> The Court's Memorandum-Decision and Order (Dkt. No. 123), issued after the evidentiary hearing, ordered that pretrial papers be filed on or before April 19, 2013, and advised that "failure to comply with the order herein by April 19, 2013 may result in appropriate sanctions including a preclusion order." As of today's date, plaintiff still has not complied. To enable the Court and defendants' counsel to prepare for the pretrial conference and the trial, and to avoid prejudice and surprise to defendants, plaintiff's counsel is hereby ordered to docket all required pretrial papers on or before 5:00 p.m. May 24, 2013. Failure to comply will be treated as another failure to prosecute this case, and will likely result in an order precluding plaintiff from introducing any evidence at trial.

The ordering paragraphs included the following warnings, all set forth in underscored, bold, uppercase letters: that plaintiff's counsel shall docket all required pretrial papers on or before

5:00 p.m. May 24, 2013; that failure to file all required pretrial papers on or before 5:00 p.m. on May 24, 2013 will be treated as another failure to prosecute the case, and will likely result in an order precluding plaintiff from introducing any evidence at trial; and that plaintiff's counsel is directed to ensure that plaintiff is aware that his case is subject to dismissal for failure to file pretrial papers.

As of 5:00 p.m. on May 29, 2013 plaintiff still had not filed the pretrial papers. Accordingly, the Court posted the Text Order (Dkt. No. 136) dismissing plaintiff's case *sua sponte* for failure to prosecute, advising that the Court would issue a written decision the following day, *i.e.*, May 30, 2013, and explaining that the purpose of the text order was to notify the parties and counsel that the case was dismissed and that therefore there was no need to travel to Syracuse for the May 31, 2013 pretrial conference. The Court's analysis underlying the Rule 41(b) dismissal is set forth below.

**DISCUSSION**

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Where, as here, a defendant has not specifically moved for dismissal under Rule 41(b), a court may order dismissal *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1982) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (same). The Second Circuit instructs:

> We have in fact fashioned guiding rules that limit a trial court's discretion in this context, out of recognition, as noted, that dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." In particular, we review the trial court's decision by examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole.

*United States ex rel. Drake v. Norden Sys., Inc*., 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

First, regarding whether plaintiff's failure to prosecute has caused a delay of significant duration, the Court notes that it has been five months since the pretrial papers were due. While in some cases courts have tolerated delays of longer duration, a delay of a "matter of months" may warrant dismissal in some circumstances. *See Lyell Theatre Corp.*, 682 F.2d at 43 (quoted in *Brown v. General Nutrition Cos*., 356 Fed.Appx. 482, 486 (2d Cir. 2009)). Such circumstances are present here. The Court first ordered plaintiff to file pretrial papers by December 28, 2012, then by April 19, 2013, then by May 24, 2013. Plaintiff has allowed each deadline to pass without requesting an extension. The case, which is trial ready, cannot proceed to a pretrial and trial without pretrial papers. Moreover, the failure to submit pretrial papers is part of the larger circumstance of plaintiff's failure to appear for the exhaustion hearing or otherwise to participate in the progress of this case towards trial.

As what notice was given to plaintiff, the Court has twice warned plaintiff (once on March 26, 2013, Dkt. No. 123, and again on May 20, 2013, Dkt. No. 135) that the failure to submit pretrial papers would likely result in an order precluding plaintiff from introducing any

evidence at trial – the equivalent of a dismissal. Despite the warnings, plaintiff's counsel has not filed the papers or even requested an extension of time.

It is manifest that defendants have been prejudiced and will continue to be prejudiced by plaintiff's failure to proceed towards trial. Plaintiff's conduct has required defendants to devote unnecessary time and effort on matters that should be routine. The docket report reflects fifteen submissions by defendants since November 14, 2012. Defendants' counsel has twice prepared pretrial papers, once before the exhaustion hearing and once after, and submitted a post-hearing memorandum (Dkt. No. 121). He has prepared for the exhaustion hearing, filed a witness list, traveled to Syracuse twice, brought witnesses here, and introduced evidence at the exhaustion hearing which plaintiff did not attend. On the second occasion, although plaintiff and his counsel knew on February 11, 2013 that plaintiff would not appear, no notice was given to the Court or defense counsel; rather, plaintiff's counsel permitted defense counsel to drive to Syracuse from Albany before requesting that the Court hold the hearing open for a few more days and give plaintiff a third opportunity to appear. Defendants' counsel filed a post-trial memorandum, to which plaintiff did not respond. Plainly, plaintiff's conduct has "increased the litigation costs defendants had to bear[.]" *LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 210 (2d Cir.2001). Plaintiff's dilatory conduct will continue to prejudice defendants. Defendants cannot prepare for the pretrial or the trial without plaintiff's pretrial papers. And defendants cannot obtain resolution of this action against them if plaintiff does not make the effort to proceed.

The Court is required to weigh its need to alleviate calendar congestion against plaintiff's right to an opportunity for a day in court. The Court has already given plaintiff two

-10-

opportunities to appear in court, which plaintiff forfeited by failing to appear.  Moreover, the Court gave plaintiff an opportunity to participate in the pretrial conference, which plaintiff has now forfeited by failing to submit pretrial papers.  It is obvious that holding in-court hearings at which plaintiff does not appear is a waste of the Court's time and resources, as is the necessity of issuing orders and warnings in an effort to motivate plaintiff to proceed with his own case.  The balance weighs heavily in the Court's favor.

Finally, the Court addresses the matter of the efficacy of lesser sanctions.  A review of the history of this case gives no indication that any lesser sanction will prompt plaintiff or his attorney to proceed with this case.  Although the Court has considered going forward with the pretrial and thus giving plaintiff one more chance to appear and participate in the action, the pretrial would be pointless without plaintiff's pretrial papers.  Essentially, only the Court and defendants have been engaged in moving this case forward since November 14, 2012.  In the exercise of its inherent power to manage its affairs so as to achieve the orderly and expeditious disposition of cases, and in the interests of justice and avoidance of further prejudice to defendants, the Court in its discretion dismisses the case.

## CONCLUSION

It is therefore

ORDERED that the case is dismissed with prejudice, and the Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

Date:   May 30, 2013
Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge